# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| CHARLES A. ROBINSON, ) | |
| ) | Case Nos. 1:09-cr-15, 1:19-cv-211 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Charles A. Robinson's *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1, in Case No. 1:19-CV-211; Doc. 24, in Case No. 1:09-CR-15). Respondent, United States of America, opposes Petitioner's motion. (Doc. 4, in Case No. 1:19-CV-211.) For the following reasons, the Court will **DENY** Petitioner's § 2255 motion.

I.  **BACKGROUND**

In 2009, Petitioner pleaded guilty to two counts of aiding and abetting the use, carrying, and brandishing of a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. (Doc. 18, at 1, in Case No. 1:09-CR-15.) The underlying crimes of violence were two separate incidents of robbery in violation of Title 18, U.S.C. § 1951, one on March 30, 2007, and the other on May 8, 2007. (Doc. 1, in Case No. 1:09-CR-15.) On September 24, 2009, United States District Judge Curtis L. Collier sentenced Petitioner to a total of 384 months' imprisonment and five years of supervised release. (Docs. 22, 23, in Case No. 1:09-CR-15.) Petitioner did not appeal.

On July 22, 2019, Petitioner filed the instant § 2255 motion, asserting that his § 924(c) convictions are unconstitutional in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), entitling him to relief under § 2255. (*See generally* Doc. 1, in Case No. 1:19-CV-211.) This motion is now ripe for the Court's review.

II. **STANDARD OF REVIEW**

To obtain relief under § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an

2

evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

As a threshold matter, Petitioner's motion is timely under § 2255(f)(3). Petitioner's motion relies on *Davis*, which the Supreme Court decided on June 24, 2019, and Petitioner filed his petition on July 22, 2019, well within the one-year limitation period. (Doc. 1.) Accordingly, Petitioner's motion was timely filed.

Petitioner contends that the Supreme Court ruled in *Davis* that 18 U.S.C. § 924(c)(1)(A)(ii) was unconstitutionally vague and, therefore, his two convictions under § 924(c)(1)(A)(ii) are invalid. (Doc. 1, at 4.) He further argues that aiding and abetting under 18 U.S.C. § 2 relies on the residual clause in 924(c), rendering his convictions unconstitutional in light of *Davis*. (*Id.* at 5.) The Governments responds that the Supreme Court invalidated

3

§ 924(c)(3)(B) as unconstitutionally vague, but Petitioner was convicted under 924(c)(3)(A), and therefore Petitioner's convictions were unaffected by *Davis*. (*See generally* Doc. 4, in Case No. 1:19-CV-211.)

Section 924(c) makes it a crime to use, carry, brandish, or discharge a firearm "during and in relation to any crime of violence or drug trafficking crime . . . ." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a federal felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). *Davis* invalidated the "residual clause" in § 924(c)(3)(B) without affecting the "elements clause" in § 924(c)(3)(A). 139 S. Ct. at 2324, 2336. And robbery under the Hobbs Act, 18 U.S.C. § 1951—the underlying crime in both of Robinson's § 924(c) convictions—categorically qualifies as a crime of violence under the elements clause of 924(c)(3). *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017). Therefore, Robinson's convictions are not dependent upon § 924(c)(3)(B), and *Davis* has not invalidated them.

Robinson also argues that aiding and abetting a Hobbs Act robbery only qualifies as a crime of violence under the residual clause. (Doc. 1, at 5, in Case No. 1:19-CV-211.) But a conviction under the aiding-and-abetting statute requires proof that the defendant or a confederate committed each of the elements of the underlying offense and that the defendant took "an affirmative act in furtherance of the offense, . . . with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014); *see* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands,

4

induces or procures its commission, is punishable as a principal."). Aiding or abetting a crime of violence is, thus, itself a crime of violence. *See Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (*per curiam*) (holding that aiding and abetting a crime of violence under § 924(c)(3)(A) also categorically qualifies as a crime of violence "[b]ecause we treat an aider and abettor no differently than a principal"); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018) ("18 U.S.C. § 2 . . . makes an aider and abettor 'punishable as a principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense."); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) ("[Petitioner's] conviction for aiding and abetting a Hobbs Act robbery, which was charged in the same indictment as, and makes up the basis for, [his] § 924(c) count, clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).") Robinson's underlying crime of aiding and abetting Hobbs Act robbery thus qualifies as a crime of violence under the elements clause of § 924(c)(3).

In sum, because *Davis* only invalidated the residual clause of § 924(c)(3), and Robinson's convictions rely only upon the elements clause, Robinson is not entitled to relief under § 2555.

## IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, the Court need not conduct an evidentiary hearing. For the reasons set forth herein, Petitioner's § 2255 motion (Doc. 1, in Case No. 1:19-CV-211; Doc. 24, in Case No. 1:09-CR-15) is **DENIED**. This action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C.

§ 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**